UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

*********************************************
| | | |
|---|---|---|
| In Re: | * | Chapter 11 |
| | * | |
| American Resource Staffing Network, Inc., | * | Case No. 14-11527-BAH |
| American Resource Network, Inc. | * | Case No. 14-11529-BAH |
| | * | (Jointly Administered) |
| | * | |
| | * | Hearing Date: |
| Debtor(s) | * | Hearing Time: |
| | * | |

*********************************************

### EMERGENCY MOTION OF DEBTOR-IN-POSSESSION FOR AN ORDER (A) ESTABLISHING BIDDING PROCEDURES (B) APPROVING THE FORM AND MANNER OF NOTICE THEREOF WITH REGARD TO MOTION OF CHAPTER 11 DEBTOR-IN-POSSESSION TO SELL SUBSTANTIALLY ALL ASSETS PURSUANT TO 11 U.S.C. §363(b) AND (f) AND FOR ASSUMPTION OF MODIFIED PURCHASE AGREEMENT AND OTHER EXECUTORY CONTRACTS UNDER 11 U.S.C. §365

American Resource Staffing Network, Inc., a jointly administered debtor-in-possession (the "Debtor" or "Staffing"), has filed a *Motion Of Chapter 11 Debtor-In-Possession To Sell Substantially All Assets Pursuant To 11 U.S.C. §363(b) And (f) And For Assumption Of Modified Purchase Agreement And Other Executory Contracts Under 11 U.S.C. §365* (the "Sale Motion") to Wicked Staffing, LLC or the highest and best offeror ("Buyer"), pursuant to the terms and conditions of the Sale Motion. The Sale Motion is presently scheduled for hearing on 09/30/14 at 1:30 p.m. ("the Sale Motion Hearing"). Debtor believes it prudent to comply with LBR 6004-1(b) regarding pre-approval of the form of notice and any bid procedures for the Sale Motion Hearing. The proposed sale will maximize the going concern value of the Debtor, generating cash proceeds to the Debtor far in excess of what would likely be recoverable by termination of Debtor's operations, which Debtor believes is the only viable alternative to the sale at this time.

1

To facilitate the transaction described in the Motion within the deadlines required by the Buyer, the Debtor is filing this motion seeking approval of the bidding procedures ("the Bid Motion"), and the form of notice described herein. There is no break-up fee, other than payment of reasonable attorneys fees for pursuing the sale. Because these procedures are designed to maximize the going concern value of the Debtor for anyone interested in a purchase, their approval is in the best interest of the bankruptcy estate.

In support of this motion, the Debtor states the following:

## I. GENERAL BACKGROUND

1. Debtor filed a voluntary petition under title 11 Chapter 11 of the United States Code on July 31, 2014 ("the Petition Date"). Shortly thereafter the Court granted joint administration of this Debtor and the related Debtor management company, American Resource Network, Inc. ("Network"). Network has no substantial assets and is not being sold hereunder. Since the Petition Date each Debtor has continued to operate its business and manage its property as a debtor-in-possession pursuant to §1107 and §1108 of the Bankruptcy Code. No creditors committee has been appointed in this case.

2. This Court has jurisdiction over these proceedings pursuant to 28 U.S.C. §1334 and this matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (N) and (O). The Debtor consents to the entry of a final Order by the Bankruptcy Court on this Motion.

3. Staffing is a New Hampshire corporation with its principal place of business located at 165 South River Road, Unit C, Bedford, NH 03110. Network is a Massachusetts corporation with a principal place of business at the same location. Staffing supplies temporary workers to a variety of businesses in New Hampshire and Massachusetts. Network does no separate business; it is simply a separate corporation set up for management employees who

might get different benefits from Staffing employees. The Debtors have been in business for over 27 years and have a great reputation in the staffing business.

4. Staffing is the owner and operator of a large temporary staffing business which provides workers to a variety of businesses in New Hampshire and Massachusetts in a variety fields, particularly the food or light industry business. Network is the management company for Staffing's management. The Debtors' combined gross sales are approximately $33 million dollars a year, with Staffing paying Network a management fee only (no profit) to cover Network's operating expenses. Upon the Petition Date Staffing supplied approximately 1,023 workers to other businesses (which number fluctuates from week-to-week) and Network had approximately 40 employees managing Staffing. Summer tends to be the slowest season for the Debtors' business, with business expected to increase in the fall.

5. The Debtor has no secured creditors other than the Internal Revenue Service ("IRS"), which has liens recorded at the New Hampshire Secretary of State's office on all of the Debtor's assets for various employment taxes owed. Amounts owed to the IRS for various employment taxes total approximately $7,080,806.95 for Staffing, which amount includes penalties and interest. There are no consensual lienholders. Debtor's debts to unsecured creditors total approximately $5 million, but a portion of that, such as amounts owed for leases of various rental locations, will be assumed by the Buyer.

6. Staffing's (and Network's) sole source of income is the operation of the staffing business.

7. Staffing has determined that it cannot operate for any significant period of time in Chapter 11 due to the high cost of workers' comp. and unemployment insurance. In addition, if Debtor is not sold, it will have to go out of business and there will be no recovery for anyone of

3

any significance. As a result, Staffing has determined that it is in the best interests of creditors and interest holders for the Debtor to seek immediate approval to enter into the sale transaction contemplated in the Motion. Essentially, the Debtor is selling its business and substantially all of its assets to Wicked Staffing, LLC ("the Buyer"), an insider owned by Debtor's principal's daughter, Vickie Giuffre (also an employee of Network) in exchange for periodic six month payments over a 5 year period of time, which are estimated to be $2,400,000.00 ("the Sale").

8. As stated in greater detail in the Sale Motion, the Debtor intends to sell its operating assets to Buyer. After the Sale contemplated in the Sale Motion, Debtor will no longer be an operating business.

9. Since the Sale contemplated by the Sale Motion will have the effect of selling all Debtor's operations, hence its business to the Buyer outside of a plan of reorganization, Debtor believes it may need pre-approval of bid procedures and the form of notice for the Sale Motion Hearing pursuant to LBR 6004-1(b).

## II.  SUMMARY OF THE TRANSACTIONS CONTEMPLATED BY THE DEBTOR

10. The Debtor's Sale Motion proposes to enter into the agreement as set out in the Modified Sales Agreement attached to the Sale Motion ("the P&S") as follows:

11. Pursuant to the Sale Motion, the Bid Motion and the P&S, the Debtor seeks to sell its staffing business to the Buyer for an earn-out price of $2,400,000.00. In addition, Buyer will purchase other assets in the form of existing leases and office equipment so that it may perform the obligations under the P&S and the Sale Motion.

12. Debtor is prepared to close upon court approval of the Sale Motion in October, 2014.

13. The Debtor believes the Sale is in the best interests of all involved in that the customer list/good will of Staffing will be purchased by Buyer, allowing the Debtor to recover something on its only meaningful asset, its going concern value.

### III. THE BID MOTION HEARING AND NOTICE

11. Pursuant to Sale Motion, Buyer specifically recognizes that the Debtor intends to solicit counter-offers in the form of alternative proposals to the Buyer. In order to comply with the deadlines set forth in the P&S and to facilitate the sale transaction on an expedited basis (so the going concern value of the Debtor can be preserved, rather than destroyed) and in order to avoid any further delay in the case, the Debtor requests that the Court schedule an emergency hearing (the "Bid Motion Hearing") regarding the approval of the Bid Procedures and Notice thereof for September 9, 2014 at 1:30 p.m. when there is already a hearing scheduled on other matters in the case.

12. At the Bid Motion Hearing the Debtor will ask the Court to approve the notice of the hearing and the bidding procedures established herein by mailing the notice attached hereto as Exhibit "A" (the "Notice") to the following parties:

    a) All parties entitled to notice under the Bankruptcy Code, Federal Rules of Bankruptcy Procedure and Local Rules; and

    (b) Any party who has previously expressed an interest in the Debtor.

13. The above-described Notice is reasonably designed to maximize interest in the Debtor.

### IV. THE BIDDING PROCEDURES

14. The Debtor requests that the bidding on Staffing's Assets as described in the Sale Motion be conducted on the terms and conditions, which are attached hereto as Exhibit 1 to the Notice of the Sale Motion and are incorporated herein by reference.

## VI. EXPEDITED RELIEF

15. For the reasons stated herein and in the Motion, the Debtor requests an expedited hearing to set bid procedures and the notice thereof in order to complete the Sale contemplated in the Sale Motion.

WHEREFORE, the Debtor respectfully requests that the Court enter an order:

A. Establishing bidding procedures for the sale contemplated in the Sale Motion;

B. Approving the procedures for providing notice of the Sale and of the bidding procedures described herein in the form of Notice attached hereto as Exhibit A and Exhibit 1 respectively;

C. Grant such other and further relief as this Court deems just and proper.

Respectfully Submitted,

American Resource Staffing Network, Inc.,
Chapter 11 Debtor-in-Possession
By its attorneys,
Cleveland, Waters & Bass, PA

Dated: September 8, 2014      By:   /s/ Steven M. Notinger
Steven M. Notinger (#03229)
Two Capital Plaza, 5th Floor
P.O. Box 1137
Concord, NH 03302-1137
(603) 224-7761
notingers@cwbpa.com

## CERTIFICATE OF SERVICE

I, Steven M. Notinger, certify that I have as of this date mailed the attached Motion to the following parties by CM/ECF, or by e-mail, or by first class mail, postage prepaid, on the 20 Largest Unsecured Creditors and the Internal Revenue Service, on the attached Regular Mail

Service List, as indicated:

Via CM/ECF to the following parties:

Geraldine Karonis on behalf of U.S. Trustee Office of the U.S. Trustee
Geraldine.L.Karonis@usdoj.gov

Walter L. Maroney on behalf of Creditor Employment Security State of NH, Department of
Walter.L.Maroney@nhes.nh.gov

Deborah A. Notinger on behalf of Debtor American Resource Network, Inc.
notingerd@cwbpa.com, guerettec@cwbpa.com

Deborah A. Notinger on behalf of Debtor American Resource Staffing Network, Inc.
notingerd@cwbpa.com, guerettec@cwbpa.com

Steven M. Notinger on behalf of Debtor American Resource Network, Inc.
notingers@cwbpa.com, guerettec@cwbpa.com;notingerd@cwbpa.com

Steven M. Notinger on behalf of Debtor American Resource Staffing Network, Inc.
notingers@cwbpa.com, guerettec@cwbpa.com;notingerd@cwbpa.com

Office of the U.S. Trustee
USTPRegion01.MR.ECF@usdoj.gov

Daniel W. Sklar on behalf of Interested Party Robert Purtell
dsklar@nixonpeabody.com,

Via E-Mail:

Patricia Maguire, Internal Revenue Service
Patricia.maguire@irs.gov

Douglas Smith, Internal Revenue Service
Douglas.smith@irs.gov

Dated: September 8, 2014                By:     /s/ Steven M. Notinger
                                                Steven M. Notinger (#03229)

7