UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

*********************************************
| | | |
|---|---|---|
| In Re: | * | Chapter 11 |
| | * | |
| American Resource Staffing Network, Inc., | * | Case No. 14-11527-BAH |
| American Resource Network, Inc. | * | Case No. 14-11529-BAH |
| | * | (Jointly Administered) |
| | * | |
| | * | Hearing Date: 9/10/14 |
| Debtor(s) | * | Hearing Time: 2:30 p.m. |
| | * | |

*********************************************

## REPORT

American Resource Staffing Network and American Resource Network (collectively the "Debtor") submit the following Report to assist the Court:

1. The Debtor met with the U.S. Trustee for several hours after the hearing yesterday. Frankly, the Debtors were shocked that the hearing on the US Trustee's motion, scheduled for September 30, 2014, was essentially ruled upon yesterday without adequate notice. 11 U.S.C. §1104 requires adequate notice and a hearing. The Debtor has done nothing wrong in the Chapter 11 and is selling its company **to eliminate the conduct** raised in the Trustee's motion. The Debtors contemplated just shutting down, but Debtor does not want to put the 1000+ employees out of work. Debtor wants a transition to a buyer and a soft landing. During the process until a sale can be consummated, there will be no unauthorized (payroll is authorized) insider transactions. Debtor disclosed the pre-petition insider transactions in full to the US Trustee voluntarily. They are listed in the schedules and there was testimony about them. Nothing, absolutely nothing, was hidden from anybody.

2. The US Trustee and the Debtor have agreed in principal on the bank account motion, which should not be an issue. As the Debtor's counsel pointed out at the beginning of the hearing yesterday, the delay in filing the bank account motion occurred because Santander Bank was on the approved US Trustee list, then the US Trustee contacted Santander and Santander said it would not do a

1

DIP account.  The parties are working out the details of an agreed order which we will submit to the Court presently resolving this issue.

3. As for the Sale, the Debtor has no problem what-so-ever with an independent person or entity conducting the sale as long as they do it fairly quickly, in 30-60 days.  The reason for this is the Debtor has a marginal existence at this point and cannot last very long in its current financial situation, especially if there is a hiccup.  There is obviously no opportunity to do a boot strap plan in this case.  The Debtor did get an independent appraisal before negotiating the sale, so at a sale hearing there will be independent evidence of value to apply to any offer.

4. **The problem is with a trustee also operating the business**:  (1) Debtor has already been contacted by a customer who told the debtor that it expected the Debtor to be out of business in Chapter 7 due to the U.S. Trustee's Motion to Appoint a Trustee—that "they" were driving him out of business—and it is very easy to lose customers in this business; (2)  Debtor has 27 years of expertise in the business and a trustee that makes major changes to the business may destroy its going concern value; (3) Debtor has corrected its pre-petition problems and has done nothing wrong in this bankruptcy to warrant a trustee, especially for a short period of time for a sale to be conducted; and (4)  there is a lot of potential liability associated with a $1.5 million dollar per month payroll, and a trustee may just shut the business down rather than assume the liability.

5. The US Trustee wants a Chapter 11 trustee, not an examiner to conduct the sale and it is unclear to the Debtor whether the Court would entertain an examiner appointment to conduct the sale.

6. With regard to the sale, the Debtor waited until after the schedules were filed to file the sale documents so there would be an understanding of the assets and liabilities by creditors, and fully expected at the hearing that the deadline for bids and a hearing would be extended past the 30th.  The Debtor has no problem with an extension as long as it is for a reasonable time.

7. The major, and perhaps only party in interest, the IRS, has not even appeared in the case. The IRS knew about the offer pre-petition and was considering it, has been copied on all filings by the Debtor and has raised no issues.

8. It is simply unfair to disenfranchise management without an evidentiary hearing. Rather than have that hearing, it would be acceptable to the Debtor to have an examiner control the sale and leave the Debtor's management in place, unless and until they actually do something significantly wrong in the bankruptcy.

WHEREFORE, the Debtor respectfully requests that this Honorable Court:

A. Deny the Motion for a Trustee without prejudice;

B. Schedule the matter for an evidentiary hearing;

C. In the alternative, appoint an examiner to oversee and conduct the sale of substantially all of the Debtor's assets in order to ensure the sale is fair and reasonable; and

D. Grant such other and further relief as is just and necessary.

Respectfully Submitted,

American Resource Staffing Network, Inc.,
Chapter 11 Debtor-in-Possession
By its attorneys,
Cleveland, Waters & Bass, PA

Dated: September 10, 2014         By:    /s/ Steven M. Notinger
Steven M. Notinger (#03229)
Two Capital Plaza, 5th Floor
P.O. Box 1137
Concord, NH 03302-1137
(603) 224-7761
notingers@cwbpa.com

## CERTIFICATE OF SERVICE

I, Steven M. Notinger, certify that I have as of this date mailed the attached Motion to the following parties by CM/ECF, or by e-mail, or by first class mail, postage prepaid, on the 20 Largest Unsecured Creditors and the Internal Revenue Service, on the attached Regular Mail Service List, as indicated:

Via CM/ECF to the following parties:

Geraldine Karonis on behalf of U.S. Trustee Office of the U.S. Trustee
Geraldine.L.Karonis@usdoj.gov

Walter L. Maroney on behalf of Creditor Employment Security State of NH, Department of

3

Walter.L.Maroney@nhes.nh.gov

Deborah A. Notinger on behalf of Debtor American Resource Network, Inc.
notingerd@cwbpa.com, guerettec@cwbpa.com

Deborah A. Notinger on behalf of Debtor American Resource Staffing Network, Inc.
notingerd@cwbpa.com, guerettec@cwbpa.com

Steven M. Notinger on behalf of Debtor American Resource Network, Inc.
notingers@cwbpa.com, guerettec@cwbpa.com;notingerd@cwbpa.com

Steven M. Notinger on behalf of Debtor American Resource Staffing Network, Inc.
notingers@cwbpa.com, guerettec@cwbpa.com;notingerd@cwbpa.com

Office of the U.S. Trustee
USTPRegion01.MR.ECF@usdoj.gov

Daniel W. Sklar on behalf of Interested Party Robert Purtell
dsklar@nixonpeabody.com,

Via E-Mail:

Patricia Maguire, Internal Revenue Service
Patricia.maguire@irs.gov

Douglas Smith, Internal Revenue Service
Douglas.smith@irs.gov

Mo Haroon, Bankruptcy Coordinator, Department of Unemployment, Comm. MA
mharoon@detma.org

Gina Cash, Office of Unemployment Assistance, Asst. General Counsel, Comm. MA
gcash@detma.org

John Sparkman, Esq., Devine, Millimet & Branch
jsparkman@devinemillimet.com

Scott D. Fink, authorized agent for CIT Communications Finance
bronationalecf@weltman.com

Diane Benedict, Office Manager, Londonderry Plumbing & Heating
londonderryplumbingandheating@gmail.com

Dated: September 10, 2014           By:    /s/ Steven M. Notinger
                                            Steven M. Notinger (#03229)

4