UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| In re:<br><br>American Resource Staffing Network, Inc.,<br><br>Debtor | Chapter 11<br>Case No. 14-11527-BAH |
| In re:<br><br>American Resource Network, Inc.,<br><br>Debtor | Chapter 11<br>Case No. 14-11529-BAH<br><br>Jointly Administered |

### ORDER DIRECTING UNITED STATES TRUSTEE TO APPOINT AN EXAMINER

This matter was raised by the Court at the hearings held on September 9, 2014, and September 10, 2014, on the *Emergency Motion of Debtor-in-Possession for an Order (a) Establishing Bidding Procedures (b) Approving the Form and Manner of Notice Thereof with Regard to Motion of Chapter 11 Debtor-in-Possession to Sell Substantially All Assets Pursuant to 11 U.S.C. § 363(b) and (f) and for Assumption of Modified Purchase Agreement and Other Executory Contracts Under 11 U.S.C. § 365* [Court Docket No. 61]. After considering arguments of counsel, including arguments advanced by the United States Trustee in his pending *Motion of United States Trustee for Order Authorizing Appointment of Chapter 11 Trustee or in the Alternative Converting Case(s) to Chapter 7 or Dismissing Cases* [Court Docket No. 64], and based on the Debtors' assent, the Court concludes that the appointment of an examiner is appropriate to investigate the proposed sale of substantially all the assets of the Debtor American Resource Staffing, Inc., and that such appointment is in the best interests of creditors, any equity security holders, and other interests of the Debtors' estates.  Accordingly, the Court hereby orders that:

1. The United States Trustee is directed to appoint one examiner ("**Examiner**") for the related chapter 11 cases of American Resource Staffing Network, Inc. ("**Staffing**") and American Resource Network, Inc. ("**Network**")(collectively, "**Debtors**") pursuant to 11 U.S.C. § 1104(d);

2. The Examiner is directed to investigate: (a) the negotiation and execution of the proposed asset purchase agreement between Staffing and Wicked Staffing Solutions, LLC (the "**APA**"); (b) the assets to be sold ("**Assets**") through the APA, including verification of which Debtor entity has an ownership interest in the Assets and identification of all existing liens or secured claims against the Assets; (c) specific contracts to be assumed ("**Executory Contracts**") through the APA, including an identification of which of the Debtors is party to the Executory Contracts; and (d) whether the Debtors' proposed bidding procedures ("**Bid Procedures**") and form notice of sale ("**Notice of Sale**") [Court Docket No. 61] should be amended, clarified or supplemented;

3. The Examiner shall prepare and file a report with regard to the matters set forth in paragraph 2 above by September 22, 2014, prior to the Court's entry of an order establishing bidding procedures or approving the form and manner of notice for the sale of the Assets;

4. Upon the Court's approval of bidding procedures and a notice of sale for the Debtors' Assets, the Examiner's powers, duties and function shall consist of the following:

    a. The Examiner shall investigate whether and to what extent the Debtors have engaged in adequate marketing efforts with regard to the Assets; and

2

      b. The Examiner shall be given unrestricted access to all documents and information in the possession, custody or control of the Debtors regarding the Assets and their sale, including any communications with potential purchasers;

5. Subject to the confidentiality provisions stated in Paragraph 8 below, the Examiner shall prepare and file with the Court a report with regard to the sale process ten (10) days before the hearing set by the Court with regard to the motion to approve the sale of the Assets.

6. The Examiner, the Debtors, any creditor or the United States Trustee shall have the right to petition the Court to further expand the scope of the Examiner's investigation, if during such investigation other relevant matters are revealed which the Examiner, the Debtors, the creditors, or the United States Trustee believe should be brought to the attention of the Court;

7. The Debtors, their professionals (subject to attorney-client privilege), the Debtors' affiliates and subsidiaries, and the creditors and purported creditors are directed to fully cooperate with the Examiner in conjunction with the performance of any of the Examiner's duties and the investigation of the sale process;

8. The Debtors shall designate information as "confidential" before providing it to the Examiner and shall state a basis for confidentiality that is consistent with 11 U.S.C. § 107(b)(1), namely, that the information constitutes a trade secret or confidential research, development, or commercial information.   The Examiner shall not disclose confidential

information of the Debtors during his/her investigation, submission of reports or in the performance of any other duty of the Examiner. If necessary, prior to submitting his/her report(s) to the Court, the Examiner shall petition the Court to request that a portion of said report(s) be filed under seal to protect any confidential information of the Debtors contained therein until such time as the Court rules on the confidential nature of the information;

9. Until the Examiner has filed his or her reports, neither the Examiner nor the Examiner's representatives or agents shall make any public disclosures concerning the performance of the investigation, the Examiner's findings, or the Examiner's duties;

10. With the prior approval of the Bankruptcy Court, the Examiner may retain counsel and other professionals, if he or she determines that such retention is necessary to discharge his or her duties, with such retention to be subject to Court approval under standards equivalent to those set forth in 11 U.S.C. § 327;

11. Subject to any Order setting a budget for the performance of the Examiner's duties the Examiner shall be compensated and reimbursed for his or her expenses pursuant to 11 U.S.C. § 330 and compensation and reimbursement of the Examiner's professionals shall be determined pursuant to standards equivalent to those set forth in 11 U.S.C. § 330;

12. The Examiner shall have the standing of a "party-in-interest" with respect to matters that are within the scope of the investigation, and shall be entitled to appear and be heard at any and all hearings in these cases;

13. Nothing in this order shall impede the right of the United States Trustee or

any other party to request any other lawful relief, including but not limited to the appointment of a trustee.

Dated: September 16, 2014

/s/ Bruce A. Harwood
The Honorable Bruce A. Harwood
Chief United States Bankruptcy Judge

5