UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| In Re: | |
|  | Chapter 7 |
| American Resource Staffing Network, Inc. | Case No. 14-11527-BAH |
| American Resource Network, Inc. | 14-11529-BAH |
|  | (Jointly Administered) |
| Debtor(s) | Hearing Date: 12/15/14 |
|  | Hearing Time: 10:00 a.m. |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**ORDER ON DEBTOR'S MOTION TO SELL CERTAIN ASSETS KNOWN AS SUBSTINATIALLY ALL THE ASSETS OF AMERICAN RESOURCE STAFFING NETWORK, INC. FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES PURSUANT TO 11 U.S.C.§363(b) AND (f) AND TO ASSUME AND ASSIGN THE REAL ESTATE LEASES TO BUYER PURSUANT TO 11 U.S.C. §365(f)**

On December 15, 2014, this Court heard the Debtor's Motion to Sell Certain Assets Known as Substantially All the Assets of American Resource Staffing Network, Inc. ("Staffing" or "ARSN") Free and Clear of Liens, Claims, Interests and Encumbrances Pursuant to 11 U.S.C. §363(b) and (f) and to Assume and Assign Real Estate Leases (the "Motion").  This Court reviewed, among other things, the Purchase and Sale Agreement and the Post-Petition Amendments to Asset Purchase Agreement entered into by Staffing (the "Seller") and Wicked Staffing Solutions, LLC (the "Buyer" or "Successful Bidder") for the purchase of Staffing, which includes, among other things, the customer contracts of Staffing and other assets identified in the Asset Purchase Agreement, including employee files for temporary employees (the "P&S" and the "Assets" respectively).   Having found therefrom good and sufficient cause, it is hereby adjudged, found and ordered that:

1

A. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334.

B. This is a core proceeding under 28 U.S.C. §157 (b) (2) (N). The Debtor and other parties who have appeared in the case agree a final order may be entered by this Court.

C. The Motion was duly and properly served on all required persons and entities, including all persons claiming any interest in or lien upon the Assets.

D. The Debtor's bid procedures set out in the amended Notice of Bid Procedures (the "Sale Notice"), served on interested parties, were adequate pursuant to Code Section 363 and LBR 6004-1 and were approved by Court Order dated 10/23/14 (Doc. # 138).

E. All parties, interested persons and entities have had a reasonable opportunity to object and be heard regarding the requested relief.

F. Objections if any to the Motion have either been withdrawn or overruled.

G. At the hearing on the Motion the Buyer made the highest and best offer, and the Buyer agreed to pay the Debtor $2.4 million USD for the Assets ("the Successful Bid" or "Purchase Price"), $1.8 million dollars of which is guaranteed through an earn out as provided in the P & S.

H. It is in the Debtor's business judgment to assume and assign the executory and any other Contracts identified in the P & S (the "Executory Contracts"), which are all current.

I. The Successful Bid is the highest and best offer received by the Debtor during the course of this case pursuant to the Sale Notice.

J.  The parties have represented that the Successful Bid was negotiated and entered into in good faith, from arm's length bargaining positions, and, accordingly, is entitled to the protection of section §363(m) of the Bankruptcy Code with respect to the purchase of the Assets.

K.  The sale is authorized pursuant to 11 U.S.C. §363(b) and (f) and the provisions of such sections have been met.

L.  The consideration to be realized by the Debtor pursuant to the Successful Bid is fair and reasonable and the transactions contemplated by the Successful Bid are in the best interest of the estate of ARSN and its creditors.

M.  In the absence of a stay pending appeal, the Successful Bidder will be acting in good faith pursuant to section §363(m) of the Bankruptcy Code in closing the transactions contemplated by the Successful Bid at any time following entry of this Order.

N.  The assumption and assignment of the Executory Contracts is within the appropriate business judgment of Staffing.

O.  The Court-appointed Examiner, Jennifer Rood, Esq., filed a Report in support of the Sale.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.  The Motion be, and hereby is, granted and allowed on the record at the hearing in all respects, subject to the further provisions of this Order.

2.  All of the conditions of sections §363(b) and §365(f) have been met. The Internal Revenue Service has consented to this sale. This Order authorizes the Debtor to

execute any bill of sale or other necessary closing documents transferring the Assets to the Buyer as contemplated by the Successful Bid and this Order.

3. The acceptance of the offer and performance of the transactions contemplated thereby are hereby approved in all respects, and the Debtor is hereby authorized, directed, and empowered to perform obligations under and pursuant to the Successful Bid and to take such action as is necessary or appropriate to effectuate the terms and conditions of the Successful Bid and this Order.

4. The Debtor is hereby authorized, directed and empowered to execute and deliver, or cause to be executed and delivered, any and all documents as may be necessary or appropriate, including, without limitation, deeds, bills of sale, assignments, or otherwise, to implement the terms of the Successful Bid and this Order ("the Conveyance Instruments").  The sale of the Assets by the Debtor to the Buyer shall be "as is, where is," with no representations or warranties of any kind of Staffing.  Closing shall occur on or before December 31, 2014, time being of the essence.

5. The Sale shall be free and clear of any and all liens, claims (as that term is defined in the Bankruptcy Code), mortgages, guarantees, security interests, pledges, charges, taxes (including Federal, State, SUTA and FUTA taxes as well as workers' compensation and other claims pending as of the closing date of the sale), obligations, rights, interests (including any retaining or possessory liens or interests) and encumbrances, whether arising prior to or subsequent to the filing of the Chapter11 petition initiating this case, whether imposed by agreement, understanding, law, equity or otherwise (collectively, the "Encumbrances").  The Encumbrances from which the Assets is being sold free and clear include, but may not be limited to, the liens of the Internal

Revenue Service, who consents to this sale and the disputed liens of the State of Massachusetts. The Purchaser is an entirely new and separate entity from the Debtor and is only purchasing the Assets of the Debtor free and clear of the Encumbrances.

6. The Buyer is not assuming any liabilities of any kind whatsoever relating to the Assets except as specified in the P & S. This sale through the Bankruptcy Court of substantially all of the Seller's Assets (the "Sale") shall be a sale free and clear of all liens, claims, interests and encumbrances of any kind and nature under 11 U.S.C. §363(b) and (f), with any such liens, claims, interests or encumbrances to attach to and affect the Sale proceeds to the same extent, and in the same order of priority, as each such lien, claim, encumbrance or interest would attach or affect the Assets under the Bankruptcy Code or other applicable law, subject, in each case, to the Bankruptcy Court's (and any party in interest's) power to determine the amount, validity, extent or priority of any such lien, claim, encumbrance or interest at a later date. The Sale of the Seller's Assets shall be "as is, where is," with no representations or warranties of any kind.

7. No governmental approval is required or needs to be obtained to sell the Assets except the approval of this Court.

8. This Order shall be binding upon, and shall inure to the benefit of, the Debtor and the Buyer, and their respective successors and assigns.

9. The liens of any allowed secured claimholders shall attach to the proceeds of the Sale in the same manner and priority as existed pre-petition, and shall be disbursed upon further Order of the Court, and/or according to a Chapter 11 liquidating plan expected to be filed by the Debtor on or before February 6, 2015.

10. This Order is binding on the holders of all claims, liens, encumbrances and interests.

11. This Court shall retain non-exclusive jurisdiction over the parties for the purpose of enforcing the provisions of this Order and for the purpose of resolving any disputes that arise out of this Order.

12. All Executory Contracts (except for the so-called Lynn Lease, which was rejected by the Debtor, as approved by Order of the Court on 8/27/14 at Doc. #48 on the Docket) are hereby assumed by Debtor and assigned as provided in section 365(f) of the bankruptcy code.

13. For good cause shown, and pursuant to Federal Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry and no automatic stay of execution shall apply with respect thereto. Good Cause includes the fact that Debtor will be subject to new federal laws on January 1, 2015 and needs to close before that date to avoid penalties under those laws.

14. In the absence of a stay pending appeal, upon the Buyer's closing under the Agreement after entry this Order, then, with respect to the P&S approved and authorized herein, the Buyer shall be entitled to the protection of §363(m) of the Bankruptcy Code if this Order or any authorization contained herein is reversed or modified on appeal.

15. A certified copy of this Order authorizing the sale of the Assets free and clear of all liens, claims, encumbrances and interests may be recorded in the appropriate registry of deeds, town office(s) or Secretary of State's office, which Order shall discharge and extinguish all liens and Encumbrances of record, such liens and

encumbrances attaching to the sales proceeds, subject in each case to the Court's power to determine the validity, extent or priority of any such lien or encumbrance at a later date. A Certified Copy of this Order may also be presented to any taxing authority or other claimant subject to this order to establish that the Buyer is a new and distinct entity from the Debtor, and is not liable for Encumbrances against the Debtor.

16. This Order constitutes findings of fact and rulings of law.

17. This Order shall become effective on the date hereof.

18. The Debtor shall file a liquidating plan and disclosure statement on or before <u>February 6, 2015</u> and obtain an appropriate hearing date thereon from the Calendar Clerk.

SO ORDERED.

<u>December 15, 2014</u>  
Dated

/s/ Bruce A. Harwood  
Bruce Harwood, Chief Judge  
United States Bankruptcy Court  
For the District of New Hampshire