UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

In re

| | |
|---|---|
| American Resource Staffing Network, Inc. | Chapter 11 |
| American Resource Network, Inc. | Case No. 14-11527-BAH |
| Debtors | Case No. 14-11529-BAH |
| | Jointly Administered |

**OBJECTION OF UNITED STATES TRUSTEE TO ADEQUACY OF DEBTORS-IN-POSSESSION'S DISCLOSURE STATEMENT FOR JOINT PLAN OF LIQUIDATION DATED FEBRUARY 6, 2015**

To the Honorable Bruce A. Harwood, Chief U.S. Bankruptcy Judge

Pursuant to 11 U.S.C. § 1122, 1123, 1125 and 1129, William K. Harrington, United States Trustee, submits this Objection to the Adequacy of the Debtors-in-Possession's Disclosure Statement for Joint Plan of Liquidation Dated February 6, 2015.  In furtherance thereof, the United States Trustee respectfully submits:

**I.  Plan is Unconfirmable Because It Does Not Pay Priority Tax Claims In Full**

Section 1129 of the Bankruptcy Code requires that priority tax claims under section 507(a)(8) must be paid in full "over a period ending not later than 5 years after the date of the order for relief…"  11 U.S.C. § 1129(a)(9)(C).  The Debtors' Plan does not provide for payment in full of these claims.  The Plan indicates the Debtors owe $1.3 million to the State of New Hampshire and the Commonwealth of Massachusetts, in additional to a $4 million deficiency claim of the IRS. If the Court agrees that the Plan is unconfirmable on its face, there seems little point in taking time to approve a Disclosure Statement.  While the United States Trustee continues to believe the Plan is unconfirmable, he nonetheless raises the following issues.

**II.  Earnout Payment From Wicked Staffing**

The Disclosure Statement needs to include financial projections for Wicked Staffing

Solutions, LLC so creditors can assess the probability of "Earnout" payments due the Debtors. Earnout is described as 50% of net income earned by Wicked Staffing Solution, LLC every six months, beginning June 1, 2015.   On information and belief Wicked Staffing has the same general business model as the Debtors.  A review of the Debtors' recent financial performance casts doubt as to whether Wicked Staffing Solutions LLC can generate net income to trigger any Earnout payments.  The combined 2013 Federal Tax Returns for ARSN and ASN shows a combined loss $1,471,703 for the year and combined retained earnings of negative $7,751,353 as of December 2013.   Retained earnings is generally an accumulation of a business's prior profits and losses.    Creditors should be given at least basic financial information about Wicked Staffing's financial information to date, and the Plan Trustee should be given all reasonable access to Wicked Staffing's financial records going forward.

### III.  Plan Trustee or Disbursing Agent – and Powers

In certain sections of the Disclosure Statement, the Debtors refer to a Plan Trustee whereas in other sections there is a reference to a Disbursing Agent.  The Disclosure Statement says the Plan Trustee will be authorized without further order of the Court to employ and pay attorneys and accountants as needed to wind down the affairs of the debtors, and to file tax returns. The Plan trustee will serve without bond.  He or she will file objections to claims within 60 days of confirmation but is this realistic given the prospect of a *de minimis* dividend to general unsecured creditors?  Will the Plan Trustee bring the preference or avoidance actions in the Bankruptcy Court?  If the avoidance actions are pending in the Bankruptcy Court, it appears unreasonable for the Plan Trustee to bring the actions before the Court but then be permitted to settle them without any approval or notice whatsoever.

In one section of the Plan, the Plan Trustee is given full power to wind up the Debtors'

but in other sections, the Debtors are given the powers to object to the claims.

### IV.  Substantive Consolidation

The Debtors make no disclosure of any facts that support substantive consolidation of the two cases.

### V.  Comprehensive Settlement of Claims and Controversies

The Debtors state on page 12 that the Bankruptcy Court's Order of Confirmation shall constitute the approval and settlement of all causes of actions of the estate.  What settlements are these?  There is no disclosure of these settlements.

### VI.  Insurance

The Debtors state on page 12 that the Plan shall not diminish or impair the enforceability of any insurance policy, right or claim that may cover Claims against the Debtors, including their members, managers or officers or any other person or entity.  What policies exists and what claims exist?

### VII.  Insider Claims

The Debtors' estates have significant claims against Mr. Purtell and related companies but the Disclosure Statement and Plan as written seem to say there is no point in pursuing these claims because the IRS has liens on Mr. Purtell.  A Plan Trustee could and arguably should pursue Mr. Purtell and his related entities for all sums due the estate and creditors should be given more information about these claims.

### VIII.  Quarterly fees

The Plan incorrectly states on page 6 that U.S. Trustee quarterly fees have been paid to date.  As of the Plan date, the debtor ARSN # 14-11527 was past due in paying $13,000 and ARN 14-11529 was past due in paying $4,875, for a total $17,875.  The Plan further states on page 6

the Debtors will continue to pay U.S. Trustee fees until the case is closed. According to the Debtors' January 2015 operating reports, they have little or no money remaining to pay any additional estimated fees for the quarter ending March 31, 2015 totaling $15,275 (ARSN - $10,400 and ARN - $4,875). Combining the past due amounts and those due by April 30, 2015, the need $33,150 to satisfy this administrative expense, which they currently do have not have, rendering the Plan unconfirmable.

      WHEREFORE, the United States Trustee requests that the Court deny approval of the Debtors' Disclosure Statement, and for such other and further relief as is just.

                              Respectfully submitted

                              William K. Harrington, Esq.
                              United States Trustee

                      By: /s/ Geraldine Karonis
                          Geraldine Karonis
                          Assistant U.S. Trustee
                          Office of U.S. Trustee
                          1000 Elm Street
                          Suite 605
                          Manchester, NH 03101
                          (603) 666-7908
                          Bnh 01853

Dated: March 25, 2015

CERTIFICATE OF SERVICE

      I hereby certify that on this date I served a copy of the foregoing Objection to Disclosure Statement upon the following parties by ECF:

**14-11527-BAH Notice will be electronically mailed to:**

Eleanor Wm Dahar on behalf of Interested Party Wicked Staffing, LLC
edahar@att.net

Ann Marie Dirsa on behalf of U.S. Trustee Office of the U.S. Trustee
ann.marie.dirsa@usdoj.gov

William S. Gannon on behalf of Interested Party CoWorx Staffing Services, LLC
bgannon@gannonlawfirm.com,
jarquette@gannonlawfirm.com;bvenuti@gannonlawfirm.com;gannonlawfirm@gmail.com

Geraldine Karonis on behalf of U.S. Trustee Office of the U.S. Trustee
Geraldine.L.Karonis@usdoj.gov

Walter L. Maroney on behalf of Creditor State of NH Department of Employment Security
Walter.L.Maroney@nhes.nh.gov

Michael T. McCormack on behalf of Creditor IRS
michael.mccormack2@usdoj.gov,
faye.guilmette@usdoj.gov;joanie.hederman@usdoj.gov;usanh.ecfcivil@usdoj.gov

Deborah A. Notinger on behalf of Debtor ARN Liquidating Corp., Inc.
notingerd@cwbpa.com, guerettec@cwbpa.com;debbie@dntpc.com

Deborah A. Notinger on behalf of Debtor ARSN Liquidating Corp, Inc.
notingerd@cwbpa.com, guerettec@cwbpa.com;debbie@dntpc.com

Deborah A. Notinger on behalf of Debtor's Attorney Cleveland, Waters & Bass, P.A.
notingerd@cwbpa.com, guerettec@cwbpa.com;debbie@dntpc.com

Steven M. Notinger on behalf of Debtor ARN Liquidating Corp., Inc.
notingers@cwbpa.com, guerettec@cwbpa.com;notingerd@cwbpa.com

Steven M. Notinger on behalf of Debtor ARSN Liquidating Corp, Inc.
notingers@cwbpa.com, guerettec@cwbpa.com;notingerd@cwbpa.com

Office of the U.S. Trustee
USTPRegion01.MR.ECF@usdoj.gov

Charles R. Powell, III on behalf of Creditor Devine, Millimet & Branch, P.A.
cpowell@devinemillimet.com,
sleonard@devinemillimet.com;cmaher@devinemillimet.com;junger@devinemillimet.com

Jennifer Rood on behalf of Examiner Jennifer Rood
jrood@bernsteinshur.com, mamurphy@bernsteinshur.com

Daniel W. Sklar on behalf of Interested Party Robert Purtell
dsklar@nixonpeabody.com,
hkilibarda@nixonpeabody.com;cbuonopane@nixonpeabody.com;man.managing.clerk@nixonpeabody.com;ccarlin@nixonpeabody.com

Peter N. Tamposi on behalf of Creditor State Garden, Inc.
peter@thetamposilawgroup.com, kdesisto@thetamposilawgroup.com

                                      /s/ Geraldine Karonis
                                      Geraldine Karonis

Dated: March 25, 2015