UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

*******************************************
|  |  |  |
|---|---|---|
| In Re: | * | **Chapter 11** |
| **ARSN Liquidation Corp., Inc.** | * | **Case No.  14-11527-BAH** |
| **ARN Liquidation Corp., Inc.** | * | **Case No. 14-11529-BAH** |
|  | * | **(Jointly Administered)** |
| **Debtor(s)** | * | **Hearing Date:  04/03/2015** |
|  | * | **Hearing Time: 9:00 a.m.** |

*******************************************

### DEBTORS IN-POSSESSIONS' REPLY TO US TRUSTEE'S OBJECTION TO JOINT DISCLOSURE STATEMENT FOR JOINT PLAN OF LIQUIDATION DATED FEBRUARY 6, 2015

ARSN Liquidation Corp., Inc. and ARN Liquidation Corp., Inc. ("Debtors") reply to the US Trustee's Objection as follows:

The US Trustee has told the Debtors' counsel on various occasions they have to file a plan and that a Chapter 7 Trustee would not be allowed to collect the Buyer's payments in Chapter 7[1], and on other occasions that the case must be converted.  The Debtors have done everything they are supposed to do in this Chapter 11.  If the case is converted not only will the IRS be the only party in interest, but Chapter 11 professionals will receive no more payments in the case. See 11 U.S.C. 724(b)(2)(expenses senior to tax lien holder limited to Chapter 7 expenses)[2].  This seems patently unfair in a liquidating plan situation where the IRS has agreed to a carve out for other creditors and since the Debtors' counsel spent a lot of time drafting a plan after being told both by the US Trustee and IRS that there had to be a plan and not a conversion as part of the sale process.

---

[1] Buyer purchased substantially all assets of the Debtors by Order dated December 15, 2015 (Doc. 191) pursuant to an earn-out payable over 5 years
[2] Unless 506(c) expenses are allowed or the IRS agrees otherwise

1

1. **The Plan is not un-confirmable and the US Trustee misstates 1129(a)(9)(C).**

The beginning of 1129(a)(9) states unequivocally that the parties can agree to different treatment from 1129(a)(9)(C)'s requirement of full payment of taxes as a condition of confirmation. See 1129(a)(9)("except to the extent a holder of a claim has agreed to a different treatment of the claim").  The IRS (subject to some changes to the plan agreed upon by the Debtors and that will result in a revised plan and disclosure statement) has agreed to different treatment.  The Trustee believes the other tax holder parties will also agree since in chapter 7 they are behind the IRS and will be paid nothing.   In addition, counsel does not believe 1129(a)(9) (C) applies to liquidating plans where the debtors will not receive a discharge, but only to debtors that survive post-bankruptcy as operating entities.  These debtors have ceased operations and will not continue on post-confirmation.   1129(a)(9)(C) applies to debtors that will emerge from bankruptcy and pay the taxing authorities over 5 years, not to liquidating debtors.  Either way, the Plan is certainly confirmable.

2. **Wicked Staffing Earn-Out**

Wicked Staffing is the buyer, not the Debtor. This is a liquidating plan.  Wicked Staffing will certainly have to provide information about its actual revenues to support its plan payments.  Full access goes too far.  Counsel doubts that most buyers of companies out of bankruptcy have to provide "reasonable" access to their financial information, whatever "reasonable" is.  Counsel will talk to Wicked about providing projections for the Plan.

3. **Plan Trustee**

The US Trustee misreads the Plan.  The Plan Trustee's wind down obligations include tax returns, etc.  Actions brought by the Trustee will need to be approved if settled.  To the extent

unclear, counsel will clarify the disclosure statement. Counsel has also spent a significant amount of time developing language with the anticipated plan trustee, Michael Askenaizer and his counsel, Christopher Dube, to satisfy the anticipated trustee. The plan will be amended to reflect such changes, but due to the circumstances of this week of which the Court is aware, will not occur before the hearing tomorrow.

4**.** **Substantive Consolidation** Counsel believes substantive consolidation is discussed in "Article V – Substantial Consummation" (sic) of the Disclosure Statement, if it needs more disclosure counsel can provide it. The title needs to be corrected.

Plus, the entities can simply be merged under state law upon confirmation.

5**.** **Comprehensive Settlement** Counsel will remove this provision.

6. **Insurance** Counsel can remove this if the US Trustee wants, but it is really designed to protect creditors from cancelation of any policies. We can provide a list of policies, if any

**7.** **Insider Claims.** Counsel has not done any review or analysis of insider or other claims, leaving that to the trustee. All Counsel is doing is pointing out that Purtell, the owner of the Debtors is personally liable for the IRS debt and the IRS has a lien on all of his assets which they are pursuing at this time. The IRS is a secured creditor in Purtell and they have the right to pursue him and are exercising the right, and Counsel believes this has to be disclosed to creditors.

8. **Quarterly Fees.** Counsel does not know where US Trustee quarterly fee amounts come from. As of yesterday, quarterly fees, based upon bills received have been paid. They totaled +/- $14,000.00. Counsel would point out that no payments were to begin to claimholders for several more months, but Debtors paid professionals (including the examiner) per court orders

and quarterly fees (albeit this quarter is a little late) and wind down bills from receivables.  This was not required by the purchase agreement.

     Overall, Debtors have been under attack this entire case and Counsel, the examiner, the US Trustee and the Debtors have made sure the Debtors have done what they are supposed to do in Chapter 11, report, pay only allowed bills, pay professionals, pay quarterly fees, maximize value, reorganize, yet the Debtors remain under intense scrutiny. Counsel did what it promised to do in the case, it stopped the bleeding from Debtors' operations and sold the company all under the watch of independent third parties, and now there will be another independent party to bring claims.  The Debtors should be able to complete their attempt to reorganize.  If the Debtors cannot reorganize because of Section 1129(a)(9)(C), the Plan should be turned into a settlement agreement and the case dismissed based upon it.  Conversion benefits no one and is not in the best interest of creditors.

                                           Respectfully submitted,
                                           ARSN Liquidation Corp., Inc.
                                           ARN Liquidation Corp., Inc.
                                           By Their Attorneys

                                           Cleveland, Waters and Bass, P.A.

Dated: <u>April 2, 2015</u>                By:    <u>/s/ Steven M. Notinger</u>
                                                   Steven M. Notinger (BNH 03229)
                                                   Two Capital Plaza, 5th Floor
                                                   PO Box 1137
                                                   Concord, NH  03302
                                                   (603) 224-7761
                                                   notingers@cwbpa.com

## **CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the foregoing was served on this date by ECF on the parties listed below and on the parties on the attached Service Lists via First Class Mail, Postage Prepaid.

Eleanor Wm Dahar on behalf of Interested Party Wicked Staffing, LLC
edahar@att.net

Ann Marie Dirsa on behalf of U.S. Trustee Office of the U.S. Trustee
ann.marie.dirsa@usdoj.gov

William S. Gannon on behalf of Interested Party CoWorx Staffing Services, LLC
bgannon@gannonlawfirm.com,
jarquette@gannonlawfirm.com;mjoyce@gannonlawfirm.com;bvenuti@gannonlawfirm.com

Geraldine Karonis on behalf of U.S. Trustee Office of the U.S. Trustee
Geraldine.L.Karonis@usdoj.gov

Walter L. Maroney on behalf of Creditor Employment Security State of NH, Department of
Walter.L.Maroney@nhes.nh.gov

Michael T. McCormack on behalf of Creditor IRS
michael.mccormack2@usdoj.gov, faye.guilmette@usdoj.gov;usanh.ecfcivil@usdoj.gov

Deborah A. Notinger on behalf of Debtor American Resource Network, Inc.
notingerd@cwbpa.com, guerettec@cwbpa.com;debbie@dntpc.com

Deborah A. Notinger on behalf of Debtor American Resource Staffing Network, Inc.
notingerd@cwbpa.com, guerettec@cwbpa.com;debbie@dntpc.com

Deborah A. Notinger on behalf of Debtor's Attorney Cleveland, Waters & Bass, P.A.
notingerd@cwbpa.com, guerettec@cwbpa.com;debbie@dntpc.com

Steven M. Notinger on behalf of Debtor American Resource Network, Inc.
notingers@cwbpa.com, guerettec@cwbpa.com;notingerd@cwbpa.com

Steven M. Notinger on behalf of Debtor American Resource Staffing Network, Inc.
notingers@cwbpa.com, guerettec@cwbpa.com;notingerd@cwbpa.com

Office of the U.S. Trustee

5

USTPRegion01.MR.ECF@usdoj.gov

Charles R. Powell, III on behalf of Creditor Devine, Millimet & Branch, P.A.
cpowell@devinemillimet.com,
sleonard@devinemillimet.com;cmaher@devinemillimet.com;junger@devinemillimet.com

Jennifer Rood on behalf of Examiner Jennifer Rood
jrood@bernsteinshur.com, mamurphy@bernsteinshur.com

Daniel W. Sklar on behalf of Interested Party Robert Purtell
dsklar@nixonpeabody.com,
hkilibarda@nixonpeabody.com;cbuonopane@nixonpeabody.com;man.managing.clerk@nixonpeabody.com;ccarlin@nixonpeabody.com

Peter N. Tamposi on behalf of Creditor State Garden, Inc.
peter@thetamposilawgroup.com, kdesisto@thetamposilawgroup.com

Dated: February 6, 2015      By:    /s/ Steven M. Notinger

                                                        Steven M. Notinger (BNH 03229)